# Podona *v.* Lehigh Valley Coal Company, Appellant.

*Negligence — Mines and mining — Constructions — Dangerous doorways—Contributory negligence—Case for jury.*

In an action of trespass to recover damages for personal injuries sustained by plaintiff, an employee of an independent contractor in consequence of striking his head against the low frame of a doorway through which he was riding in a car in defendant's mine, the questions of defendant's negligence and of plaintiff's contributory negligence were held to be for the jury where there was evidence that plaintiff had been working in the mine for three weeks; that he was taken into the mine to work and brought from work on defendant's car, that the low frame of the door was concealed by smoke or steam, so that plaintiff had never seen it and did not know that he was going under it, when the accident occurred. It appeared that the doorway was of similar construction to other doorways in the slopeways of mines, but plaintiff contended that it was not reasonably safe because its character was concealed by smoke or steam.

Argued April 14, 1914. Appeal, No. 43, Jan. T., 1914, by defendant, from judgment of C. P. Luzerne Co., Oct. T., 1909, No. 357, on verdict for plaintiff in case of John Podona v. Lehigh Valley Coal Company. Before

Brown, Metrezat, Potter, Stewart and Moschzisker, JJ.  Affirmed.

Trespass to recover damages for personal injuries.

The facts appear in the following opinion of Garman, J., sur defendant's motion for a new trial and for judgment n. o. v.

The plaintiff, John Podona, was employed, on 29th March, 1909, for the Portland Contracting Company, in a gangway of the defendant's mine.  He worked at loading rock and had been employed there for about three weeks.

To get to his place of work, he was taken into the mine down a slope in a car, and when going home from work was taken up the slope in the car.  On said date when he was being taken up the slope, his head collided with the door frame and he sustained very serious injuries.  He claims that he never saw the doorway because at all times when he had passed it, it was full of smoke.

The motion for new trial is based on the following reasons:

First.  The verdict is against the law.

Second. The verdict is against the evidence.

Third.  The court erred in refusing to affirm defendant's points.

The motion for judgment non obstante veredicto is based upon our refusal to give binding instructions.

The defense relies upon certain propositions.

First.  "No negligence was alleged or shown."  The objection that no negligence was alleged, is based upon the language of plaintiff's statement which, in so far as it relates to defendant's negligence is as follows: "That it became and was the duty of the said defendant company to provide a safe ingress and egress for all who were lawfully employed in the said mine."  "The said company was negligent in not so constructing the said door that the frame thereof would not injure one lawfully ascending or descending the said slope."  "The

plaintiff alleges that the defendant was negligent in not furnishing a proper car for persons lawfully ascending and descending the said slope."

While the language of the statement is undoubtedly too broad, still it was not submitted to the jury and the case was tried on the theory of the master furnishing to the servant a reasonably safe place. As counsel for defendant understood that the legal "safe place" is the practical reasonably safe place, no harm could be done to the defendant by the breadth of the claim. The cases cited to sustain defendant's contention are where the trial court submitted to the jury the question of safety without qualification. The difference is wide; in such cases the jury might infer absolute safety to be the rule; here counsel for both plaintiff and defendant knew otherwise. It would be the excess of technicality and a practical denial of justice to deprive plaintiff of his action merely because his counsel in his statement used the language quoted, when the language included plaintiff's claim and no one was injured by the form of expression.

As to the allegation that a proper car was not furnished by defendant to the persons lawfully ascending and descending the slope, we find that on the trial no evidence was offered to sustain the allegation and it cannot be seriously argued that because it was alleged and not proved the plaintiff is out of court. But, defendant argues that even conceding "for the sake of argument only, that the declaration averred the failure of the defendant to furnish the plaintiff with a reasonably safe ingress and egress to be used in connection with his place of work, there was no proof offered by the plaintiff tending to establish such a charge." Defendant's reason for this statement is based upon the theory that whether the door was or was not reasonably safe could only be determined by comparison. It was not claimed by plaintiff that in form and detail the door differed from other doors in mines, nor that ordinarily it would not be reasonably safe; but it was urged that as the

door located with respect to smoke and escaping steam which frequently concealed the door, the construction was not reasonably safe. In other words that the particular circumstances must determine the reasonable safety of construction, there being a higher degree of care required when the danger could not be seen and guarded against than when the danger was apparent. The plaintiff and some of his witnesses, as did some of defendant's witnesses, testified that frequently because of smoke the door could not be seen, and the plaintiff testified that because of smoke and steam he had never seen the door. We said to the jury: "The plaintiff's case will therefore rest clearly upon his own testimony with respect to his knowledge of the height of the door and his going under it. If you find that he knew it and that he allowed himself to be transported up in the car where, by raising his head a few inches, he was liable to have it knocked off, then it may be concluded that he assumed the risk of his employment and, in our judgment, he would not be entitled to recover in this case. But if he did not know that at that point it was lower than the rest of the gangway, or slopeway, whatever name be proper for it, and could not see it, and if that in your judgment was a negligent construction under the circumstances, then we say to you that he might recover." It will be noticed that the plaintiff's statement is that defendant "was negligent in not so constructing the said door that the frame thereof would not injure one lawfully, ascending or descending the said slope." This proposition must be true if the frame was to be concealed from observation, and the evidence on both sides shows that it was frequently so concealed by steam and smoke. If from the language cited the particulars relating to the negligence of construction could not be determined, the defendant might have demanded a bill of particulars and obtained exact information as to the full import of the language of the statement. Defendant could not place its own construction on the language,

rest its case upon it and then hold plaintiff to the defendant's interpretation, if the language were broad enough to include another interpretation. That the plaintiff was not an employee of defendant we think is immaterial. If the defendant undertook to convey plaintiff upon and down the slope, defendant owed to plaintiff the same duty as to employees. The doctrine of Hagan v. Steel Co., 240 Pa. 222, does not apply to this case.

Second. Defendant urges that plaintiff assumed the risk of his employment and cannot recover, and that its first point should have been affirmed. The point is as follows: "The plaintiff, by contracting for the performance of hazardous duties, must be held to have assumed such risks as were incident to their discharge from causes open and obvious, the dangerous character of which he had opportunity to ascertain; and having passed on his way to and from his work twice daily for three weeks the door by which he was injured in the same car in which he was riding when injured, or in a car of similar construction, and having had ample opportunity to observe the height of the door frame, as was the case with his fellow servants, he must be held to have seen what they observed, and to have assumed the risk of the accident which befell him." This point could not be affirmed because it assumes that the plaintiff had "ample opportunity to observe the height of the door frame, as was the case with his fellow servants." The opportunity to observe is positively denied by plaintiff and was for the jury. What his fellow servants might have opportunity for observing depends upon so many elements such as length of service, points of observation, positions in the car, that obviously their knowledge could not be attributed to him, unless their opportunity and his were found to be identical.

It is undoubtedly true that in getting in defendant's car to be carried out of the mine plaintiff assumed the risks apparent but he had also the right to assume that

defendant would carry him with reasonable safety as to appliances and construction. As shown by the portion of our charge hereinbefore quoted this question depended upon the findings of the jury as to plaintiff's knowledge of the "height of the door and his going under it."

Third. The defendant contends that on the ground of contributory negligence plaintiff should not be permitted to recover. This question was submitted to us by defendant's fifth point which we answered thus: "We cannot affirm that point as drawn; but we say to you that if you find that the plaintiff had knowledge of this condition and himself was careless then the plaintiff cannot recover." We had also said in our main charge: "It may be possible that this plaintiff raised his head thoughtlessly at a dangerous point and sustained his injury. If he were passing under a low bridge or under a low ceiling and happened by some impulse to raise his head and be hurt, as I have stated several times, if he had known of the condition, he could not recover even though it was low; because he assumed the risk when he undertook to work in a place like that." This we think left the question of contributory negligence to the jury where in our judgment it properly belonged.

Fourth. Defendant contends that the negligence, if any, was that of the mine foreman. This contention cannot be sustained. The evidence did not bring the mine within the exception to the Act of 2d June, 1891, wherein mine formen are provided for.

Verdict for plaintiff for $2,000 and judgment thereon. Defendant appealed.

*Errors assigned,* among others, were the refusal of the court to direct a verdict for defendant and to enter judgment for defendant n. o. v.

*P. F. O'Neill,* with him *F. W. Wheaton,* for appellant.

*James L. Lenahan,* with him *James P. Costello* and *John T. Lenahan,* for appellee.

PER CURIAM, May 22, 1914:

The complaints of the appellant are (1) that the trial judge refused to direct a verdict in its favor, and (2) that its motion for judgment n. o. v. was denied. All the reasons urged in support of these complaints are sufficiently answered in the opinion of the court below refusing a new trial and overruling the defendant's motion for judgment in its favor.

Judgment affirmed.